J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

DANIEL C. ROGERS,

Debtor.

Case No. 11-24752-A-7
Chapter 7

DNL-2

Date: November 21, 2011
Time: 9:30 a.m.
Place: 501 I Street, 7th Floor
Courtroom 28
Sacramento, California

## OBJECTION TO CLAIM OF EXEMPTION

J. MICHAEL HOPPER ("Trustee") hereby objects to the following exemptions claimed by DANIEL C. ROGERS ("Debtor"): (1) severance proceeds in the amount of $27,400, pursuant to California Code of Civil Procedure Section 703.140(b)(10)(E); (2) UBS financial services stock account in the amount of $16,859, pursuant to California Code of Civil Procedure Section 703.140(b)(5); (3) Bank of the West bank account balance in the amount of $4,404, pursuant to California Code of Civil Procedure Section 703.140(b)(5); and (4) the Debtor's claim of exemption in various assets under California Code of Civil Procedure Section 703.140(b)(5) in an amount that exceeds the maximum allowable amount of exemption by $3,713. In support thereof, Trustee respectfully represents the following:

///

1

# BACKGROUND FACTS

1. On February 25, 2011, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. Trustee is the duly appointed trustee of the Debtor's bankruptcy estate.

2. The Debtor's amended Schedule B, filed May 20, 2011, includes the Debtor's previously unscheduled interest the following assets: (1) $27,400 deposited into a Wachovia bank account of the Debtor's mother Marilyn Reece, from proceeds of a separation agreement between the Debtor and his previous employer Applied Materials Inc. ("Separation Proceeds"); (2) $4,404 in a bank account with Bank of the West ("BOW Account"); and (3) $16,859 in a stock account through UBS financial services ("UBS Account") (collectively referred to as "Undisclosed Assets"). The amended Schedule B also lists the Debtor's previously unscheduled interest in a retirement IRA with Vanguard Voyager Services in the amount of $113,850 ("IRA").

3. The Debtor's original schedules and statement of financial affairs failed to disclose his interest in the Undisclosed Assets and the IRA. The Debtor's original Schedule B listed an interest in retirement proceeds in the amount of $60,000; however, no description of the retirement proceeds was provided.

4. On April 6, 2011, upon questioning from Trustee at the first meeting of creditors, the Debtor informed Trustee that he had received the Separation Proceeds. Trustee has since learned that on December 18, 2010, the Debtor and his former employer entered into an agreement entitled, "U.S. Talent Mobility Program Separation Benefits Plan Participation Agreement and General Release of Claims" ("Separation Agreement"). The recitals state, at Paragraph 2, that the Debtor had been offered "separation pay and benefits," and a general release, at Paragraph 8, specifies certain claims that have been excluded and emphasizes certain claims that have been included in the Separation Agreement. The included claims include those arising from and related to employment, including: (a) discrimination based on age, gender, and disability; and (b) personal injury. The excluded claims include: (a) worker's compensation or unemployment insurance benefits and (b) vested benefits under other employer plans.

5. The Debtor's Schedule I reflects ongoing receipt of unemployment benefits in the

1 | amount of $1,350 per month.

2 |   6.  After the first meeting of creditors, the Debtor informed Trustee of the Debtor's interest in the UBS Account and the BOW Account. The Debtor also provided Trustee a pay advise from the Debtor's former employer showing that on or about January 14, 2011, the Debtor received $32,638.51 in net proceeds from his former employer pursuant to the Separation Agreement. Trustee has since learned that on or about January 28, 2011, the $32,638.51 was deposited into the Debtor's BOW Account, and that on or about February 4, 2011, a $27,500 cashier's check, check #1884, cleared the BOW Account. At the continued meeting of creditors, the Debtor testified that he gave the $27,500 to his mother to hold for him for safekeeping. The Debtor has since provided Trustee a check in the amount of $27,500 on account of the Separation Proceeds.

  7.  The Debtor's Statement of Financial Affairs fails to note any transfer of the Separation Proceeds to the Debtor's mother, or make any reference to his mother holding any portion of the Separation Proceeds.

  8.  The Debtor's amended Schedule C claims exemptions in the Undisclosed Assets in the following amounts: (1) $27,400 in the Separation Proceeds, pursuant to California Code of Civil Procedure Section 703.140(b)(10)(E); (2) $4,404 in the BOW Account, pursuant to California Code of Civil Procedure Section 703.140(b)(5)("wild card"); (3) $16,859 in the UBS Account, pursuant to the wild card exemption; and (4) wild card exemptions in the total amount of $26,963 on various assets, including the BOW Account ($4,404), UBS Account ($16,859), (3) Wells Fargo bank account ($300); 1993 Toyota Pickup ($500), 1997 Nissan Sentra ($200), and 2003 Ford Expedition ($4,700).

**ARGUMENT**

  Federal Rule of Bankruptcy Procedure 4003(b)(1) provides that a party in interest may file an objection to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors or within 30 days of any amendment to the list. Trustee timely filed this objection on October 14, 2011, i.e. within 30 days of the conclusion of the meeting of creditors on September 16, 2011. A court can deny a debtor's attempt to amend an exemption if the debtor has acted in bad faith or allowance of the exemption would result in prejudice to creditors. *In re Michael*, 163 F.3d 526, 529 (9th Cir. 1998). A party objecting to the allowance of an

exemption must prove by the preponderance of the evidence that the exemption should be disallowed. *Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 631 (9th Cir. 2010). The preponderance of the evidence standard is also the appropriate standard when assessing whether a debtor has acted in bad faith. *Id.* at 634.

The preponderance of the evidence establishes that the Debtor has acted in bad faith, and allowance of the exemptions objected to would result in prejudice to estate creditors. Bad faith is determined by examination of the "totality of circumstances." *In re Rolland*, 317 B.R. 402, 414-415 (Bankr. C.D. Cal. 2004). The concealment of assets is sufficient to constitute bad faith, and in fact is the usual ground for a finding of bad faith. *Id.* at 415; *Arnold v. Gill (In re Arnold)*, 252 B.R. 778, 785-786 (B.A.P. 9th Cir. 2000). The Debtor has acted in bad faith by concealing his interest in the Undisclosed Assets and by concealing his pre-petition transfer of the Separation Proceeds to his mother, and such bad faith should preclude the Debtor from claiming any exemptions in the Undisclosed Assets. A finding of bad faith does not require fraudulent intent, malice, ill will or an affirmative attempt to violate the law. *In re Leavitt*, 171 F.3d 1219, 1224-1225 (9th Cir. 1999), quoting *In re Powers*, 135 B.R. 980, 994 (Bankr. C.D. Cal. 1991); *see also Cabral v. Shabman (In re Cabral)*, 285 B.R. 563, 573 (B.A.P. 1st Cir. 2002). In any event, "[i]ntentional concealment can be inferred from the facts and circumstances of a case, including non-disclosure resulting from a debtor's reckless disregard for the truth of information furnished in the schedules and statements." *In re Rolland, surpa*, 317 B.R. at 415. The Debtor's original schedules failed to disclose his interest in $48,663 worth of assets that the Debtor now claims exempt and which are the subject of Trustee's objection. That does not include the Debtor's previously unscheduled interest in the IRA, which exceeds the amount of retirement proceeds listed on the Debtor's original Schedule B by $53,850. Such reckless disregard for the accuracy of the Debtor's schedules should bar the Debtor from now claiming exemptions in the Undisclosed Assets. Finally, allowance of the exemptions would prejudice creditors by decreasing the amount of estate proceeds available for distribution to estate creditors on account of the Undisclosed Assets.

Even if the Court finds that the Debtor has not acted in bad faith, the preponderance of evidence establishes that the Debtor's claim of exemption in the Separation Proceeds should be denied on the merits. The Separation Proceeds do not qualify for exemption under the provisions of California Code of Civil Procedure Section 703.140(b)(10)(E) which is limited to "payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor . . . ." As noted above, the Separation Agreement states that the Debtor had been offered "separation pay and benefits," and provides a general release that excludes claims for (a) worker's compensation or unemployment insurance benefits; and (b) vested benefits under other employer plans. Thus, the consideration paid to the Debtor for the Separation Agreement cannot be in lieu of unemployment because the Debtor retained those rights and, presumably, acted upon them last year as is evident from the Debtor's Schedule I which reflects ongoing receipt of unemployment benefits in the amount of $1,350 per month. Similarly, the consideration cannot include "retirement" as stated in the Debtor's amended Schedule C because vested benefits under other employer plans were excluded from the Separation Agreement. Thus, the Separation Agreement is not similar to a stock, bonus, pension, profit sharing, or annuity plan providing for payments to the debtor "aimed to enable working taxpayers to accumulate assets during their productive years so they might draw upon them during retirement." *See In re McKown*, 203 B.R. 722, 724-725 (Bankr. E.D. Cal. 1996), quoting *In re Bates*, 176 B.R. 104 (Bankr. D.Me. 1994).

The preponderance of the evidence also establishes that the Debtor's claim of exemption in the BOW Account should be reduced because the Debtor has claimed wild card exemptions in excess of the maximum allowable amount. The Debtor's amended Schedule C claims wild card exemptions in the amount of $26,963 in various assets, including the UBS Account and the BOW Account, as noted above; that is $3,713 over the maximum allowable wild card amount of $23,250. Even if the Debtor is permitted to use the wild card to exempt the UBS Account, after allowance of the other claimed wild card exemptions, there is only $691 remaining to apply to the $4,404 BOW Account.

5

## RELIEF SOUGHT

Trustee requests that the Debtor's claims of exemption in the Undisclosed Assets be denied in total as a result of the Debtor's bad faith in failing to disclose his interest in the Undisclosed Assets and his pre-petition transfer of the Separation Proceeds to his mother. Alternatively, Trustee requests: (1) that the Debtor's claim of exemption in the Separation Proceeds be denied in total because the Separation Proceeds do not satisfy the requirements of California Code of Civil Procedure Section 703.140(b)(10)(E); and (2) that the Debtor's claim of exemption in the BOW Account be reduced from $4,404 to $691 to satisfy the limits of the wild card exemption, and that the difference of $3,713 be turned over to Trustee. At minimum, Trustee requests that the Court subordinate the Debtor's claims of exemption in the Undisclosed Assets to the allowed fees and expenses incurred by Trustee and Trustee's professionals as a result of the Debtor's nondisclosures. See *Latman v. Burdette*, 366 F.3d 774, 784-786 (B.A.P. 9th Cir. 2004) (recognizing inherent powers of bankruptcy courts to equitably surcharge a debtor's exemption to protect integrity of the bankruptcy process and to ensure debtor does not exempt amount greater than allowed under the Bankruptcy Code despite the lack of express Code provision for equitable surcharge of exemptions).

**WHEREFORE,** Trustee prays for disallowance of the above-described exemptions, and for such other and further relief as may be necessary and proper.

Dated: October 13, 2011        **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
J. LUKE HENDRIX
Attorneys for J. Michael Hopper, Chapter 7 Trustee

6